IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID CHALOEUNPORN [HP-4637] | : : : | CIVIL ACTION |
| v. | : : | |
| WAYNE J. GAVIN, et al. | : | NO. 14-5473 |

## REPORT AND RECOMMENDATION

M. FAITH ANGELL  
UNITED STATES MAGISTRATE JUDGE

May 25, 2015

    Presently before this Court is a *pro se* Petition for Writ of Habeas Corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner. Petitioner David Chaloeunporn is currently incarcerated at SCI-Waymart in Waymart, Pennsylvania, where he is serving a term of imprisonment for involuntary deviate sexual intercourse, aggravated indecent assault, endangering the welfare of a child and corruption of morals of a minor. For the reasons which follow, it is recommended that Mr. Chaloeunporn's habeas claims be denied and dismissed without an evidentiary hearing.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

    The background and procedural history of this case was set forth by the Superior Court of Pennsylvania as follows:

    The pertinent facts and procedural history are as follows: On December 6, 2007, [Petitioner], a citizen of Cambodia, entered a guilty plea to multiple sexual offenses involving two of his nieces, ages ten and thirteen. On May 28, 2008, the trial court sentenced [Petitioner] to an aggregate term of seven and one-half to fifteen years of imprisonment, to be followed by a twenty-five year probationary term. [Petitioner] did not file a direct appeal.

    [Petitioner] filed a *pro se* PCRA petition on November 25, 2008. On September 6, 2009, PCRA counsel filed a motion to withdraw and a no-merit letter pursuant to the dictates of *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 440 A.2d 213 (Pa. Super. 1988) (*en banc*). On January 26, 2010, the PCRA court issued notice of its intent to

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Chaloeunporn's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody, inclusive of all exhibits thereto; the Commonwealth's Answer, with exhibits; Petitioner's Traverse, and exhibits, and the state court record.

dismiss [Petitioner's] PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. By order entered February 16, 2010, the PCRA court denied [Petitioner's] PCRA petition, and permitted PCRA counsel to withdraw.

[Petitioner] filed a *pro se* appeal, and the PCRA court appointed present counsel. However, the PCRA court subsequently requested that this Court vacate its order and remand the case for further proceedings before a different judge; we did so on February 18, 2011. *Commonwealth v. Chaloeunporn*, 24 A.3d 459 (Pa. Super. 2011) (unpublished memorandum).

Following remand, present counsel filed an amended PCRA petition on October 14, 2011[2]. The Commonwealth filed a motion to dismiss on June 25, 2013. On September 11, 2013, the PCRA court issued Pa.R.Crim.P. 907 notice of its intent to dismiss [Petitioner's] petition without a hearing. [Petitioner] did not file a response. By order entered October 10, 2013, the PCRA court dismissed [Petitioner's] amended PCRA petition. This appeal followed. Although [Petitioner] complied with the PCRA court's order to file a Pa.R.A.P. 1925(b) statement, the PCRA court did not file a Rule 1925(a) opinion.

[Petitioner] raise[d] the following issue on appeal:

I. Was [Petitioner's] guilty plea knowing[,] intelligent[,] and voluntary when he was not informed by [trial counsel], nor did he know, at the time that he tendered the guilty plea, that his deportation, because he was not a U.S. citizen, was mandatory because of the offenses to which he was pleading guilty?

[Petitioner's] Brief at 2.

*Commonwealth v. Chaloeunporn*, No. 2938 EDA 2013, slip op. at 1-3 (Superior Court, August 27, 2014) (footnote added); Commonwealth's Response to Petition for Writ of Habeas Corpus,[3] Exhibit B. On August 27, 2014, the Pennsylvania Superior Court affirmed dismissal of Petitioner's PCRA petition. *Id.* Mr. Chaloeunporn did not seek allowance of appeal in the Pennsylvania Supreme Court.

---

[2] In his amended PCRA petition, Mr. Chaloeunporn raised the following issue:
The [petitioner] is entitled to withdraw his guilty plea because the guilty plea was not knowing intelligent and voluntary because the [petitioner] was not notified by the trial court or trial defense counsel at his guilty plea hearing that his conviction of the offenses that he was pleading guilty to will result in his deportation because the [petitioner] was/is not a U.S. Citizen. Trial defense counsel was ineffective in representing the [petitioner] for not properly advising him that he will be deported because of the Convictions that resulted from his guilty plea. This issue has not been waived by the [petitioner].
*Commonwealth v. Chaloeunporn*, CP-51-CR-0004499-2007, CP-51-CR-0004500-2007, Amended Petition under Post-Conviction Relief Act (C.C.P. Philadelphia County, October 14, 2011); Petition, Exhibit G, Document 1 at 64-65.
[3] Hereinafter "Commonwealth's Response".

On September 19, 2014, Petitioner signed and dated the instant petition, and it was filed in the United States District Court for the Eastern District of Pennsylvania on September 23, 2014[4]. Mr. Chaloeunporn raises the following claims herein:

GROUND ONE: Violation of 6th Amendment Right to effective counsel at plea hearing and violation of due Process (Fundamental Fairness), where plea counsel was constitutionally deficient for not advising and informing [petitioner] that the criminal complaint had been recanted prior to the plea to the plea hearing.
. . . . .
GROUND TWO: Petitioner was denied his right to Fundamental Fairness throughout the judicial process in violation of the 14th Amendment Rights and due Process when appointed counsels refused to raise issues of arguable merit to include, PCRA judge filing a false report after more than a two year delay after remand of first PCRA, and claiming no delayed cases.

Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody[5] at 8-12. The Commonwealth denies that Mr. Chaloeunporn is entitled to federal habeas relief as his claims are procedurally defaulted and meritless. *See* Commonwealth's Answer at 9-16.

## II. DISCUSSION

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or the Act),[6] signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions. One of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[7]

---

[4] For purposes of the Report and Recommendation, under the prison mailbox rule, I will accept the earlier date, September 19, 2014, as the date of filing. See *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).
[5] Hereinafter "Petition".
[6] Pub. L. No. 104-132, 110 Stat. 1214, 1219 (1996), effective date April 24, 1996.
[7] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitations period to run from four other points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date

In the instant case, Mr. Chaeloeunporn did not file a direct appeal after he was sentenced on May 28, 2008. As a result, his conviction became final on June 27, 2008, the last day he could have filed a timely direct appeal.[8] *See* Pa.R.App.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). Accordingly, Mr. Chaeloeunporn's habeas statute of limitations began on June 28, 2008, and, absent any tolling, would have expired on June 27mn n, 2009.

The amended habeas statute does include a tolling provision for "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending". 28 U.S.C. §2244(d)(2). Mr. Chaeloeunporn filed a PCRA petition on November 25, 2008, after 151 had passed of his one-year period. The statute of limitations period was tolled during the entire time that Petitioner's petition was pending, through September 26, 2014, thirty days after the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition. The within habeas petition was filed on September 19, 2014.

The Commonwealth does not dispute, and I independently find, that Mr. Chaloeunporn's habeas petition is timely.

**B. Exhaustion and Procedural Default**

The exhaustion rule, codified in 28 U.S.C. §2254,[9] provides that the habeas petitioner must have "exhausted the remedies available in the courts of the State" for all constitutional

---

on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence". 28 U.S.C. §2244(d)(1)(A)-(D).

[8] There is nothing in the record that would call for the use of one of the other start dates provided in 28 U.S.C. §2244(d)(1). There was no impediment to filing an application created by State action in violation of the Constitution or laws of the United States which prevented Mr. Chaeloeunporn from filing a habeas petition. No new constitutional right has been asserted, and at no later date was the factual predicate of the claims presented discovered.

[9] The exhaustion requirements of 28 U.S.C. §2254 provide:

claims before a federal court shall have habeas corpus jurisdiction. *See Baldwin v.* Reese, 541 U.S. 27, 29 (2004) (citations omitted).There are rare circumstances that circumvent this requirement, none of which apply to the case at hand. To exhaust all remedies for a claim under 28 U.S.C. §2254, the habeas petitioner must give the state courts a full and fair opportunity to resolve all federal constitutional claims. *See Stevens v. Delaware Corr. Ctr.,* 295 F.3d 361, 369 (3d Cir. 2002); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In order for Mr. Chaloeunporn to give each habeas claim a full and fair opportunity for resolution, he must have presented both the factual and legal substance in the state courts through the highest tribunal, the Pennsylvania Superior Court.[10] The exhaustion requirement is rooted in considerations of comity; the statute is designed to protect the role of the state court in enforcement of federal law and to prevent disruption of the state judicial proceedings. *See Rose v. Lundy*, 102 S.Ct. 1198, 1203 (1982); *Castille*, 109 S.Ct. at 1059 (1989). The burden is on the habeas petitioner to establish that he has fairly presented his federal constitutional claims (both facts and legal theory) to all levels of the state judicial system. *See Gattis v. Snyder*, 278 F.3d 222, 231 (3d Cir. 2002) (*quoting Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3d Cir. 1992), *cert. petition dismissed* 506 U.S. 1089 (1993) ("[b]oth the legal theory and the facts

---

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that
        (A) the applicant has exhausted the remedies available in the courts of the State or
        (B)(i) there is an absence of available State corrective process, or
          (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirements unless the State, through counsel, expressly waives the requirement.
    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[10] Seeking *allocator* by the Pennsylvania Supreme Court is not part of the standard appeals process. *See* Pennsylvania Supreme Court *Order No. 218* (May, 2000); *see also Mattis v. Vaughn*, 128 F.Supp.2d 249, 261 (E.D.Pa. 2001); *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

underpinning the federal claim must have been presented to the state courts . . . and the same method of legal analysis must be available in the state court as will be employed in the federal court").

An unexhausted habeas claim becomes procedurally defaulted when the petitioner has no additional state remedies available to pursue the issue. *See Wenger v. Frank*, 266 F.3d 218, 223-24 (3d Cir. 2001), *cert. denied*, 122 S.Ct. 1364 (2002). (When a claim has not been fairly presented to the state courts, but further state court review is clearly foreclosed under the state law, the claim is procedurally defaulted and may be entertained in a federal habeas petition only if there is a basis for excusing the default.)

Procedural default also occurs when an issue is properly asserted in the state system, but it is not addressed on the merits because of an independent and adequate state procedural rule. *See Sistrunk v. Vaughn*, 96 F.3d 666, 673 (3d Cir. 1996) and *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999) ("If the final state court presented with a federal claim refuses to decide its merits based on an established state rule of law, independent of the federal claim and adequate to support the refusal, federal habeas review is foreclosed unless there is cause and prejudice or a showing of innocence.")

Procedural default may be excused if the habeas petitioner can show "cause" for the default and "prejudice attributable thereto", or the petitioner can demonstrate that the failure to consider his or her habeas claim will result in a "fundamental miscarriage of justice". *Wenger*, 266 F.3d at 224 (3d Cir. 2001) and *McCandless*, 172 F.3d at 260 (3d Cir. 1999). "Cause" for procedural default exists if the petitioner "can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule". *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Slutzker v. Johnson*, 393 F.3d 373, 381-382 (3d Cir. 2004). A

petitioner can only prove prejudice, in turn, by demonstrating that the errors at trial "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions". *Murray*, 477 U.S. at 494 (1986) (*citing United States v. Frady*. 456 U.S. 152, 170 (1982) (emphasis in original). To establish a "miscarriage of justice", a petitioner must present new evidence of "actual innocence". *Schlup v. Delo*, 513 U.S. 298, 321 (1995); *Goldblum v. Klem*, 510 F.3d 204, 216 (3d Cir. 2007). Evidence of actual innocence, not presented at trial, sufficient to excuse procedural default must be "reliable evidence" that shows that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence". *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). *See also Schlup*, 513 U.S at 324, 329 (1995) (defining "reliable evidence" as "exculpatory scientific evidence, trustworthy eyewitness accounts or critical physical evidence").

Section 2254 also provides that the court may deny a habeas petition on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. §2254(b)(2). *See also e.g. Clark v. Ricci*, 285 Fed. Appx. 933, 935 (3d Cir. 2008) (The court may deny unexhausted claims if they are without merit.)

**C. Standard of Review**

Because Mr. Chaloeunporn's habeas petition was filed after the effective date of the AEDPA, the amended habeas standards apply to his claims. AEDPA precludes habeas relief on "any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding". 28 U.S.C. §2254(d).

The United States Supreme Court has set forth the scope of habeas review after AEDPA. *See Williams v. Taylor*, 529 U.S. 362 (2000). According to the *Williams* majority:

> We [the Supreme Court Justices] all agree that state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated.
>
> . . . . .
>
> In sum, the [AEDPA] statute directs federal courts to attend every state-court judgment with utmost care, but it does not require them to defer to the opinion of every reasonable state-court judge on the content of federal law. If, after carefully weighing all the reasons for accepting a state-court's judgment, a federal court is convinced that a prisoner's custody – or as in this case, his sentence of death – violated the constitution, that independent judgment should prevail.

*Id.* at 389.

Moreover, in interpreting the AEDPA language, the Third Circuit has also discussed the appropriate degree of deference which the statute requires a federal habeas court to accord a state court's construction of federal constitutional issues and interpretation of Supreme Court precedent. *See Matteo v. Superintendent, SCI Albion*, 171 F.3d 877 (3d Cir.), *cert. denied*, 528 U.S. 824 (1999). The Third Circuit has held that under 28 U.S.C. §2254(d)(1), a two-step inquiry is warranted. The majority agreed:

> First, the federal habeas court must determine whether the state court decision was contrary to Supreme Court precedent that governs the petitioner's claim. Relief is appropriate only if the petitioner shows that Supreme Court precedent requires an outcome contrary to that reached by the relevant state court. In the absence of such a showing, the federal habeas court must ask whether the state court decision represents an unreasonable application of Supreme Court precedent: that is, whether the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified. If so, then the petition should be granted.

*Matteo*, 171 F.3d at 891 (3d Cir. 1999) (internal quotations and citations omitted).

Under AEDPA, a federal reviewing court must presume that factual findings of state trial and appellate courts are correct. The presumption of correctness may only be overcome on the basis of clear and convincing evidence to the contrary. *See Stevens v. Delaware Correctional Center, et al.*, 295 F.3d 361, 368 (3d Cir. 2002).

### D. Analysis

    1. <u>Ineffective Assistance of Counsel</u>

Initially, Petitioner claims that he was deprived of effective assistance of counsel at his plea hearing because counsel did not advise him that the criminal complaint had been recanted prior to the hearing. Mr. Chaloeunporn asserts that if he had known that the victims were going to recant, he would not have pled guilty. This claim was never exhausted in state court. Since this issue has not been fairly presented to all levels of the state judicial system, it is unexhausted and procedurally defaulted, as it is too late to return to the state courts with it.[11] This claim is not properly before this Court, and nothing in the record supports a finding of cause and prejudice or a miscarriage of justice to excuse its procedural default.[12]

    2. <u>Judicial Misconduct/Ineffective Assistance of Counsel</u>

Petitioner next alleges that he has been the victim of both judicial misconduct and ineffective assistance of counsel. In support of this allegation, Mr. Chaloeunporn elaborates as follows:

> [Petitioner] filed a timely PCRA after learning that the criminal complaint/accusation/s against him had been recanted Prior to his guilty plea. The time for filing a direct appeal had already expired.
>
> Petitioner is Cambodian, having been granted asylum and citizenship in the United States. Having poor communication skills, Petitioner was assisted by other inmates in filing a crudely drafted Pro Se PCRA. Among the issues raised was the fact that no translator was

---

[11] Any PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S. §9345.

[12] Even if this claim were not procedurally defaulted, federal habeas corpus relief would not be warranted. Mr. Chaloeunporn alleges the following in his habeas petition:
> The parents of the alleged victims became aware that the accusations had been fabricated. Notarized affidavit of victims['] recantation was presented to defense counsel by way of minor victims's parents hand delivering affidavit to plea counsel at his office.

Petition at 9. (No affidavits were submitted to the Court.) He feels that all counsel were ineffective for not raising this issue in the state courts. Petitioner's own exhibits clearly reveal that this issue was indeed investigated by counsel and found to be wanting. *See* Petition, Exhibits A, B, C, D, I, M. Counsel cannot be found ineffective for failing to raise a frivolous issue. *See U.S. v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999).

offered or provided at plea hearing. First appointed PCRA counsel Gary S. Server, Filed a Finley letter and withdrew as counsel with no evidentiary hearing. See Exhibits A and B.

Petitioner appealed to Pennsylvania Superior Court Pro Se, raising original PCRA issues. This seems to have concerned the lower court, as new counsel was appointed for the sole purpose of claiming there had been a conflict of interest in the lower court. Therefore requesting that the Superior Court remand the case back to the lower court. This clever move to regain control of the [petitioner's] appeal became obvious when second appointed PCRA counsel John P. Cotter, also refused to raise [Petitioner's] original issues. Instead, new counsel raised a single Constitutional issue that [petitioner] had not been advised at plea hearing that [petitioner] would be at risk of being deported, even though he had been granted citizenship status in the United States. This maneuver effectively prevented the original issues/s from being developed or exhausted in the state courts. See Exhibits C, D, E, F.

Upon remand, in February 18, of 2011, PCRA case was assigned to Judge Roger F. Gordon. Appointed PCRA counsel filed an amended PCRA petition in December 2010. No further action was taken until 2013, when Judge Gordon ordered the Commonwealth to respond. Through the course of a private investigation, [Petitioner] learned that Judge Gordon was not even a Judge from January through June of 2012, although court records seem to show that he was still fulfilling the role as a judge. See Exhibits J and K. Judge Gordon returned to the bench on July 3, 2012. In January 2013, Judge Gordon filed a false report with the Pennsylvania Supreme Court Administration office, claiming in his 703 Report that he had no matters delayed over 90 days in the previous six month reporting period. See Exhibit L.

[Petitioner] was made aware that filing a false report is a crime in Pennsylvania, and therefore asked PCRA counsel to include this newly developed issue in his PCRA. PCRA counsel John P. Cotter refused to raise this issue, claiming in a written response that he did not think it was a crime. See Exhibit M. [Petitioner] brought this matter before President Judge Pamela Dembe, but received no response from the court. See Exhibit N, letter to President Judge Dembe.

The issue in dispute is whether or not PCRA judge Roger Gordon committed a crime by falsely reporting this delayed case, and whether PCRA Counsel was ineffective for refusing to amend PCRA petition to include this issue. No evidentiary hearing has been granted in the state court. [Petitioner] requests an evidentiary hearing in the federal court to show that Judge Gordon filed a false report, and that PCRA counsel was ineffective for not raising this issue.

Petition at 12. Though Mr. Chaloeunporn's claim is somewhat difficult to decipher, it is

abundantly clear that it was not raised in the state court. It is, procedurally defaulted, and

Petitioner has shown no cause or prejudice sufficient to excuse that default. This allegation is not properly before this Court.[13]

## RECOMMENDATION

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED WITHOUT AN EVIDENTIARY HEARING. It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.[14]

BY THE COURT:

S/M. FAITH ANGELL_____
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE

By Email:
Hon. Jeffrey L. Schmehl
Jennifer O. Andress, Esq.          jennifer.andress@gmail.com

By Mail:
David Chaloeunporn
HP-4637
P.O. Box 256
Waymart, PA 18472

---

[13] As with Petitioner's previous claim, even if it were not procedurally defaulted, federal habeas relief would not be warranted. Mr. Chaloeunporn states that "[t]he issue in dispute is whether or not PCRA judge Roger Gordon committed a crime by falsely reporting this delayed case". Petition at 9. Petitioner provided no actual evidence to show that Judge Gordon was not sitting on the bench for a period of time, and, even if he had revealed evidence of Judge Gordon's absence, this would not constitute a crime. Furthermore, such an occurrence would have no relevance to Mr. Chaloeunporn's case. In addition, Petitioner's own exhibits reveal his attorney's judgment that such a claim was groundless, and that another issue should be pursued that might be successful. Such representation can hardly be called ineffective. Habeas relief is not proper herein.

[14] Petitioner is advised that he may file objections to this Report and Recommendation. *See* Local R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.